UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK
----------------------------------------x
MOUHAMAD BEYDOUN,

                Plaintiff,                  **MEMORANDUM AND ORDER**
                                           25-CV-02435 (OEM) (LKE)

      -against-

CITY OF NEW YORK; SERGEANT ADONIOS
CONSTANTATO, OFFICER SHINGRU WANG,
and JOHN AND JANE DOES 1-10,

                Defendants.
----------------------------------------x

ORELIA E. MERCHANT**,** United States District Judge:

       Plaintiff Mouhamad Beydoun ("Plaintiff") commenced this civil rights action under 42 U.S.C.

§ 1983 against the City of New York ("the City"), the New York Police Department ("NYPD"), NYPD

Sergeant Adonios Constantatos, NYPD Officer Shingru Wang, and John and Jane Does 1-10.  ECF 1.

Plaintiff alleges that he was "severely restrained and injured by handcuffs" and "falsely arrested and

detained" by NYPD officers during a rally and march in support of Palestine in May 2024 in Bay

Ridge.  *Id.*  Only the City has appeared in this action.  ECF 6.

       Before the Court is the City's fully briefed motion to stay this action pending the conclusion

of a Civilian Complaint Review Board ("CCRB") investigation into related allegations and adjourn

*sine die* all deadlines and conferences in this action.[1]  For the following reasons, the City's motion is

denied.

**DISCUSSION**

       In lieu of filing an answer to the complaint, the City requests a stay of this action in its entirety

pending the conclusion of a CCRB "into the underlying allegations in this case regarding Plaintiff."

Mot. at 1.  The City argues that this action should be stayed for three primary reasons: (1) the pending

---

[1] The City's Letter Motion to Stay ("Mot."), ECF 7; Plaintiff's Opposition to Motion to Stay ("Opp."), ECF 8.  The City
opted not to file a reply.

CCRB investigation limits the parties' access to discovery as documents generated by the CCRB are protected by the deliberative process privilege; (2) the City cannot resolve legal representational issues as to the individual defendants while the CCRB investigation continues, the outcome of which "may" affect its decision;[2] and (3) Plaintiff would not suffer any prejudice from a stay because the conclusion of the CCRB investigation may help identify the Jane and John Does and streamline discovery. *Id.* at 2-3. Plaintiff opposes a stay of this action, arguing that other evidence in the possession of the City that are unconnected to the CCRB investigation could be produced, the findings of the CCRB are not necessary for Corporation Counsel to make a determination as to whether it can represent the officers, and that public policy considerations favor Plaintiff's legitimate interest in the expeditious resolution of this action. Opp. at 2-3.

The Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.,* 676 F.3d 83, 96 (2d Cir. 2012) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The party moving for a stay must "establish a clear case of hardship or inequity in being required to go forward." *United States v. Town of Oyster Bay,* 66 F. Supp. 3d 285, 289 (E.D.N.Y. 2014). "[A]bsent a showing of undue prejudice upon" the defendant, "there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." *Louis Vuitton Malletier.*, 676 F.3d at 97 (citations omitted). In evaluating a motion to stay civil proceedings, courts consider the following five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interest of and burden on the defendants; (3) the interests of the courts; (4) the interests

---

[2] Pursuant to N.Y. Gen. Mun. L. § 50–k, the Office for Corporation Counsel for the City of New York ("Corporation Counsel") may only represent the officer-defendants if it determines that they were acting within the scope of their public employment, in the discharge of their duties, and in accordance with the rules and regulations of their employing agency.

of persons not parties to the civil litigation; and (5) the public interest.

*Rankine v. Levi Strauss & Co.,* 674 F. Supp. 3d 57, 68 (S.D.N.Y. 2023).

A stay of proceedings is considered an "extraordinary remedy," for which a movant bears the burden of "showing [ ] undue prejudice . . . or interference with his constitutional rights." *Louis Vuitton Malletier*, 676 F.3d at 97-98. Here, there is only a pending disciplinary proceeding. There are not any Fifth Amendment concerns that would be presented if there was a pending criminal indictment. *See El v. Black*, 23-CV-10317 (JAV), 2025 WL 1314240, at *1 (S.D.N.Y. May 6, 2025) (citing *Louis Vuitton Malletier*, 676 F.3d at 98-99); *cf. Citibank. N.A. v. Hakim*, 92-CV-6233, 1993 WL 481335 (S.D.N.Y.1993) (noting that "district courts generally grant the extraordinary remedy of a stay only after the defendant seeking a stay has been indicted"). The Court finds that none of the reasons proffered by the City weighs in favor of a stay.

*First*, the mere existence of an investigation is insufficient to trigger the application of the cited privilege. *See Muniz v. City of New York*, 12-CV-719 (TPG), 2012 WL 3104898, at *1 (S.D.N.Y. July 17, 2012). Further, at this juncture, there is no discovery or privilege dispute properly before the Court. Thus, the Court cannot assess the applicability or scope of the deliberative process privilege as to any documents. *Rodriguez v. City of New York*, 24-CV-06289 (NCM) (TAM), 2025 WL 458243, at * 2 (E.D.N.Y. Feb. 11, 2025) (stating that the court is unable to assess asserted privilege "as to any documents or portions thereof before the plaintiff has them, the City has identified them, and the parties have presented the dispute to the Court"); *Muniz*, 2012 WL 3104898, at *1 (the significance of the privilege at this point is purely speculative). The City has not presented any information regarding the documents that may implicate the deliberative process privilege. Although the City may preemptively seek to assert that privilege as to any documents generated or produced during the CCRB investigation, the deliberative process privilege is a "qualified limitation" on discovery. *Rodriguez,* 2025 WL 458243, at * 2.

3

The deliberative process privilege is a narrow privilege that permits agencies to shield from disclosure in-house drafts of materials that are 'predecisional.'" *Saint-Fort v. City of New York*, 22-CV-6879 (NRM) (MMH), 2023 WL 2771606, at *4 (E.D.N.Y. Apr. 4, 2023) (quoting *United States Fish and Wildlife Service v. Sierra Club, Inc.*, 592 U.S. 261, 267-68 (2021). However, "even predecisional, deliberative documents pertaining to the CCRB investigation are *not definitively* shielded from discovery," *Capellan v. City of New York*, 20-CV-00867, 2020 WL 13904618, at *4 (E.D.N.Y. Sept. 17, 2020) (emphasis added). In any event, the determination of the appropriate application of the privilege is left to the Court—it is not for the City to make a unilateral decision on discovery and privilege issues.

The City's conclusory concern of an "informational deficit" is unavailing. That the CCRB investigation is ongoing does not bar discovery to otherwise proceed on other fronts, including initial disclosures, even if supplemental discovery may be necessary after the conclusion of the CCRB investigation. Indeed, Local Civil Rule 83.10, applicable to actions brought in the Southern District, contemplates "limited discovery" for scenarios where a civil case is filed against the City and/or NYPD employees when a CCRB investigation is pending. While "any CCRB records . . . shall be suspended" for 30 days after the investigation is complete, the City nonetheless must serve on Plaintiff initial disclosures, documents from the District Attorney's office, and documents obtained from the court file. S.D.N.Y. Local R. 83.10(e)(1)(B). Thus, "there is no indication that the Rule's contemplated stay applies to other discoverable documents . . . and certainly not to the entire action." *Saint-Fort*, 2023 WL 2771606, at *4 n. 7 (noting that while Local Rule 83.10 is not binding to actions brought in the Eastern District, its discovery guidelines provided helpful guidance).

*Second*, the status of legal representation for the individual defendants does not weigh in favor of a stay. The City is correct that N.Y. Gen. Mun. L. § 50-k(2) requires the City to "provide for the defense" of an officer in a Section 1983 action if that officer "was acting within the scope of his public

4

employment and in the discharge of his duties" at the time of the underlying events and "was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." Further, N.Y. Gen. Mun. L. § 50-k(5) provides that if the events that give rise to the civil action are "also the basis of a disciplinary proceeding by the employee's agency against the employee," corporation counsel "may" decline to represent an officer until the disciplinary proceeding "has been resolved." However, as observed by *Rodriguez*, *El*, and *Saint-Fort*, that corporation counsel has yet to make a representation determination for the individual defendants is an insufficient basis to grant a stay of this civil action. *See, e.g., Rodriguez,* 2025 WL 458243, at *3 ("[A] stay of the proceedings is not a remedy commensurate with the City's need to make [a representation] determination."); *El,* 2025 WL 1314240, at *2 ("The need to obtain representation is common to many civil litigants. Here, the defendant officer can represent himself or seek private counsel should Corporation Counsel elect not to represent him."); *Saint-Fort* 2023 WL 2771606, at *2 ("[T]he City cites no cases—and the Court has found none—in which a court has indefinitely stayed a civil action because one of the parties had not yet acquired representation.). Indeed, nothing in the statute "contemplate[s] staying the parallel federal civil action pending the resolution of the disciplinary proceeding." *Saint-Fort*, 2023 WL 2771606, at *4. The City cites no authority that it must make its determination as to the representation of the individual officers based on the findings or recommendations of the CCRB. Moreover, the City's assertion that it is unable to communicate with the officers is misplaced because the officers are not the only avenues for the City to investigate the allegations Plaintiff levies in his complaint.

The Court is receptive to the City's concern about potential conflicts of interest: should corporation counsel now represents the officers but later it is revealed that the officers violated NYPD procedures, corporation counsel would be conflicted off of the entire case, causing the City and the individual officers to find outside counsel. But even the City's reliance on *Muniz* in this respect is inapposite as *Muniz* granted a stay only as to the individual defendants, reasoning that the risk of

conflicts of interest did not warrant a complete stay of the action. *See Muniz*, 2012 WL 3104898, at *2 (tailoring stay to "accommodate[] [individual defendants'] interest in having the issue of their representation clarified when the action goes forward against them"). Here, the individual defendants may retain counsel through their union or privately retained counsel and enter an appearance in this action while the City determines whether its counsel will represent them—a decision that may not be made by the completion of the CCRB. *See Saint-Fort v. City of New York*, 22-CV-06879, 2023 WL 2771606, at *3 (E.D.N.Y. Apr. 4, 2023) (noting that "the individual defendants to this action can simply enter an appearance through their own counsel (either through the Police Benevolent Association, or privately retained) while Corporation Counsel determines whether it can represent the officers"). Thus, this does not weigh in favor of a stay, particularly where the individual defendants "may end up being [the City's] adversary in this action." *Id.* at *2; *accord Rodriguez*, 2025 WL 458243, at *3.

*Third*, as Plaintiff aptly asserts, he has a "legitimate interest in the expeditious resolution of this action." Opp. at 2-3 (citing *El*, 2025 WL 1314240, at *2; then citing *Rodriguez*, 2025 WL 458243, at *3); *see also Rankine,* 674 F. Supp. 3d at 68 (in determining whether to stay litigation, courts consider "the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed"). "Discovery during the early stages of litigation is material to any resolution of this case, in part to safeguard the memories of witnesses and the preservation of documents." *Rodriguez*, 2025 WL 458243, at *3 (cleaned up). This is particularly true here, where the underlying conduct occurred more than a year ago, and a "CCRB investigation can be a time-consuming and protracted process." *Saint-Fort*, 2025 WL 2023 WL 2771606, at* 3. Unable to provide an estimate as to when the CCRB investigation related to this case is likely to conclude, the City requests an indefinite stay of all deadlines and conferences in this case pending conclusion of the CCRB investigation into the underlying incident. Accordingly, the prejudice to

6

plaintiff, who has an interest in expeditious resolution of this action, weighs against a stay.

Furthermore, the interests of the public and the courts weigh against a stay. Adjudicating the merits of a case regarding allegations of police misconduct is deeply intertwined with the public's interest and trust in its law enforcement. Likewise, the Court's interest lies in controlling its docket with economy of time and effort for itself, for counsel, and for litigants. Therefore, the relevant factors collectively weigh against a stay of this action.

## CONCLUSION

For the foregoing reasons, the City's motion is denied. The City shall file an answer or otherwise respond to the complaint by October 22, 2025.


SO ORDERED.


_/s/_____
ORELIA E. MERCHANT
United States District Judge

September 22, 2025
Brooklyn, New York

7